UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY KHEM SHAHANI,<br><br>Plaintiff,<br><br>v.<br><br>NIEVES MOCTEZUMA,<br><br>Defendant. | Case No. 16-cv-03862-JSC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On July 8, 2016, Plaintiff Ray K. Shahani, a California resident, filed suit against Defendant Nieves Moctezuma, a Utah resident, alleging claims for (1) declaratory relief for non-infringement of copyright and rights in photographic and video images, (2) breach of contract, and (3) state law unfair competition. (Dkt. No. 1.) Plaintiff alleges that Defendant breached a contract between the parties when he failed to provide Plaintiff with digital photographs from Plaintiff's wedding and failed to provide raw video footage of Plaintiff's wedding. Plaintiff also alleges that Defendant has subjected Plaintiff to potential liability for copyright infringement because the wedding video he provided Plaintiff contains at least seven different copyrighted songs. Plaintiff's motion for default judgment is now pending before the Court. (Dkt. No. 17.)

Upon review of the motion, the Court has concerns regarding its subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1338(a). Jurisdiction under Section 1338(a) is premised on Plaintiff's Declaratory Judgment Act

1  claim for non-infringement of copyright, but it does not appear that this claim presents an actual
2  case or controversy.  *See* 28 U.S.C. § 2201; *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 669
3  (9th Cir. 2005) ("The requirement that a case or controversy exist under the Declaratory Judgment
4  Act is identical to Article III's constitutional case or controversy requirement."); *see also Manning*
5  *v. Dimech*, No. CV 15-05762 RSWL (PJWx), 2015 WL 9581795, at *4 (C.D. Cal. Dec. 30, 2015)
6  ("A court may only hear a declaratory judgment action if the claim presents a justiciable case or
7  controversy.").  To allege a sufficient case or controversy in a copyright declaratory relief action a
8  plaintiff must demonstrate a real and reasonable apprehension that he will be subject to liability as
9  a result of the defendant's actions.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d
10  1542, 1555 (9th Cir. 1989); *see also Abrahams v. Hard Drive Prods., Inc.,* No. C-12-01006 JCS,
11  2012 WL 5499853, at *4 (N.D. Cal. Nov. 13, 2012), (holding that a plaintiff must show a "real
12  and reasonable apprehension" that they may be subject to liability to establish subject matter
13  jurisdiction under the Declaratory Judgment Act).
14      The Complaint does not come close to meeting this standard.  Plaintiff seeks a declaration
15  of non-infringement, but Plaintiff does not allege that Defendant owns any of the copyrighted
16  material in question and the true copyright owners are not parties to this litigation.  Since
17  Defendant does not have standing to sue Plaintiff for copyright infringement under the Copyright
18  Act, Plaintiff cannot allege facts sufficient to show that there is a "real and reasonable
19  apprehension" that he may be sued for copyright infringement by Defendant.  *See* 17 U.S.C. §
20  501(b); *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) ("a party
21  that has no [copyright] ownership interest has no standing to sue").  Indeed, the only party to
22  threaten suit is Plaintiff.  And Plaintiff has also not explained how the Court could declare Plaintiff
23  not infringing when the copyright owners are not parties to the suit.  As Plaintiff's complaint does
24  not allege facts sufficient to support a case or controversy between Plaintiff and Defendant for his
25  declaratory relief non-infringement of copyright claim, this Court does not have subject matter
26  jurisdiction by virtue of the copyright declaratory relief claim.
27      To the extent that Plaintiff alleges jurisdiction based on diversity of citizenship under 28
28  U.S.C. § 1332, the Court has concerns in this regard as well.  While Plaintiff is a resident of

California and Defendant is a resident of Utah, the facts alleged in the Complaint do not suggest that the amount in controversy requirement is satisfied.  To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000.  *See* 28 U.S.C. § 1332(a).  In Plaintiff's motion for default judgment, Plaintiff requests $2,575 for breach of contract and $10,575 in attorney's fees for a total prayer of $13,075.  (Dkt. No. 17 at 18.[1])  Plaintiff requests the $10,575 in attorney's fees as statutory damages under Section 505 of the Copyright Act.  (*Id.* at 13-14.)  Plaintiff's prayer of $13,075 does not satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.  Plaintiff appears to attempt to plead around this by alleging that the "owners of the Copyrighted material would be entitled to increased statutory damages awards of up to One Hundred Fifty Thousand Dollars ($150,000.00)."  (*Id.* at 14; Complaint at 9.)  However, Plaintiff is not an owner of any of the copyrighted material in question and the owners are not parties.  He has not shown how he can use Copyright Act damages available to some other party in a purely hypothetical and speculative action to satisfy the amount in controversy requirement in this action.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to how the Court has subject matter jurisdiction over this action.  Plaintiff shall file a written response to this Order by December 12, 2016.  His failure to do so will result in dismissal of this action for lack of subject matter jurisdiction. Plaintiff's motion for default judgment is held in abeyance pending disposition of this Order to Show Cause and the December 29, 2016 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: December 5, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.