UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY KHEM SHAHANI,<br><br>Plaintiff,<br><br>v.<br><br>NIEVES MOCTEZUMA,<br><br>Defendant. | Case No.16-cv-03862-JSC<br><br>**ORDER DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 21 |

Plaintiff Ray K. Shahani filed suit against Defendant Nieves Moctezuma alleging a claim for relief under the Declaratory Judgment Act and state law claims for breach of contract and violation of California's consumer protection statute. Plaintiff alleges that Defendant breached a contract between the parties when he failed to provide Plaintiff with digital photographs from Plaintiff's wedding and failed to provide raw video footage of Plaintiff's wedding, and instead, provided a video containing at least seven different copyrighted songs. Plaintiff contends this video subjects him to potential claims for copyright infringement. Because the Court had concerns regarding its subject matter jurisdiction, it issued an Order to Show Cause. Having reviewed the response to the Order to Show Cause, the Court concludes that there is no justiciable case or controversy between the parties and DISMISSES this action for lack of subject matter jurisdiction.[1]

---

[1] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 9.)

**BACKGROUND**

In the summer of 2014, Plaintiff, a California resident, hired Defendant, a Utah resident, to take photographs and video at Plaintiff's wedding and related festivities. (Complaint ¶ 1.) Plaintiff paid Defendant $2,500 for his services. (*Id.*) Pursuant to the parties' agreement, Defendant was to provide Plaintiff with copies of all the digital photographs and raw video footage and prepare a "video presentation" which would include the video footage. (*Id*. at ¶ 8.) Plaintiff was advised that over the course of the two-day wedding festivities, Defendant obtained several thousand digital photos. (*Id*. at ¶¶ 10-11.) Six weeks after the wedding, Defendant sent Plaintiff a package containing about 200 individual prints and three copies of a 2-DVD multimedia presentation containing live video and still photos from the wedding event accompanied by music performed at the event as well as pre-recorded music from various famous artists. (*Id*. at ¶ 12.) Plaintiff thereafter requested that Defendant provide him with all the digital photos and the raw video footage per the parties' agreement, but Defendant has refused to communicate with Plaintiff. (*Id*. at ¶ 20.)

Plaintiff thus filed this action on July 8, 2016 alleging claims for (1) declaratory relief for non-infringement of copyright and rights in photographic and video images, (2) breach of contract, and (3) state law unfair competition. (Dkt. No. 1.) Plaintiff alleges that Defendant breached the parties' contract when he failed to provide Plaintiff with digital photographs and raw video footage of Plaintiff's wedding. (*Id*. at ¶¶ 32-33.) Plaintiff also alleges that Defendant has subjected Plaintiff to potential liability for copyright infringement because the wedding video he provided Plaintiff contains at least seven different copyrighted songs. (*Id*. at ¶¶ 13-15; 21-30.)

Defendant failed to respond to the complaint and the Clerk entered his default on September 2, 2016. (Dkt. No. 14.) Plaintiff thereafter filed a motion for default judgment. (Dkt. No. 17.) Upon review of the motion for default judgment, the Court had concerns regarding its subject matter jurisdiction and issued the now pending Order to Show Cause. (Dkt. Nos. 20 & 21.)

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at §1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state...." *Id*. § 1332(a)(1)-(2).

In his Complaint, Plaintiff avers that the Court has jurisdiction under: (1) 28 U.S.C. Section 1338(a) because this is a suit for declaratory relief for copyright non-infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq; and (2) 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00. Neither basis for jurisdiction is availing.

**A. No Case or Controversy under the Declaratory Judgment Act**

The Declaratory Judgment Act provides that: "[i]n a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he phrase a case of actual controversy refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) (internal

3

quotation marks omitted).

To allege a sufficient case or controversy in a copyright declaratory relief action a plaintiff must demonstrate a real and reasonable apprehension that he will be subject to liability as a result of the defendant's actions. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989); *see also Abrahams v. Hard Drive Prods., Inc.,* No. C-12-01006 JCS, 2012 WL 5499853, at *4 (N.D. Cal. Nov. 13, 2012), (holding that a plaintiff must show a "real and reasonable apprehension" that they may be subject to liability to establish subject matter jurisdiction under the Declaratory Judgment Act).

As the Court noted in its Order to Show Cause, the Complaint does not come close to meeting this standard. Plaintiff seeks a declaration of non-infringement, but Plaintiff does not allege that Defendant owns any of the copyrighted material in question and the true copyright owners are not parties to this litigation. Since Defendant does not have standing to sue Plaintiff for copyright infringement under the Copyright Act, Plaintiff cannot allege facts sufficient to show that there is a "real and reasonable apprehension" that he may be sued for copyright infringement by Defendant. *See* 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) ("a party that has no [copyright] ownership interest has no standing to sue"). In his response to the Order to Show Cause, Plaintiff simply asserts that he is "liable for copyright infringement to the copyright owners for personal use of the copyright infringing multimedia video presentation"—but the copyright owners are not parties to this action and have not threatened Plaintiff with suit. (Dkt. No. 21 at 2:22-23. [2]) Plaintiff's suggestion that he could be subject to criminal prosecution based on possession of the copyrighted songs is even more speculative. The only party to threaten suit is Plaintiff.

Plaintiff's request that he be allowed leave to join the copyright owners under Federal Rules of Civil Procedure 19 or 20 does not change the analysis. Even if the Court were to grant Plaintiff leave to join the copyright holders, Plaintiff has not shown how joinder would cure the jurisdictional defect because he has not alleged that any of the copyright holders have threatened

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

suit. *See Hal Roach Studios*, 896 F.2d at1556 (noting that "the apprehension must have been *caused by* the defendant's actions.") (emphasis added).  Here, there is nothing to suggest that the copyright holders have *done* anything to create a reasonable apprehension on Plaintiff's part.  *See, e.g.*, *Lenz v. Universal Music Corp.*, No. C 7-3783 JF, 2008 WL 962102 (N.D. Cal. Apr. 8, 2008) (dismissing declaratory judgment claim because the defendant—the copyright holder of a song included in a YouTube video posted by plaintiff—sent a cease and desist letter to YouTube not plaintiff, which "indicated [that defendant] had and presently has no intention of ever asserting an infringement action directly against [plaintiff]").

As Plaintiff's complaint does not allege facts sufficient to support a case or controversy between Plaintiff and Defendant for his declaratory relief non-infringement of copyright claim, this Court does not have subject matter jurisdiction by virtue of the copyright declaratory relief claim.

### B.  No Diversity Jurisdiction under Section 1332

Nor has Plaintiff established jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  While Plaintiff is a resident of California and Defendant is a resident of Utah, the facts alleged in the Complaint do not suggest that the amount in controversy requirement is satisfied.  To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000.  *See* 28 U.S.C. § 1332(a).  In Plaintiff's motion for default judgment, Plaintiff requests $2,575 for breach of contract and $10,575 in attorney's fees for a total prayer of $13,075.  (Dkt. No. 17 at 18.)  Plaintiff requests the $10,575 in attorney's fees as statutory damages under Section 505 of the Copyright Act.  (*Id.* at 13-14.)  Plaintiff's prayer of $13,075 does not satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.  Plaintiff appears to attempt to plead around this by alleging that the "owners of the Copyrighted material would be entitled to increased statutory damages awards of up to One Hundred Fifty Thousand Dollars ($150,000.00)." (*Id.* at 14; Complaint at 9.)  However, as discussed *supra*, Plaintiff is not an owner of any of the copyrighted material in question and the owners are not parties.  Plaintiff's response to the Order to Show Cause fails to show how he can use Copyright Act damages available to some other party in a purely hypothetical and speculative action to satisfy the amount in controversy requirement in

this action.  The Court thus concludes that diversity jurisdiction is also lacking.

### C. Plaintiff is not Without a Forum

Plaintiff's suggestion that he could not file his action in state court is unpersuasive.  In essence, Plaintiff's claim is one for breach of contract—he and Defendant entered into an agreement, he performed on his part of the agreement by paying Defendant the agreed upon fee.  Defendant breached the agreement by failing to provide all the digital files and raw video footage.  These allegations give rise to a claim for breach of contract.  Plaintiff has offered no support—and the Court can conceive of none—for his proposition that this claim would be deemed preempted by Federal law.

## CONCLUSION

For the reasons stated above, the Court concludes that it lacks subject matter jurisdiction and dismisses the Declaratory Judgment Act claim.  Because the Court finds that it has no subject matter jurisdiction over the action, the Court declines to exercise supplemental jurisdiction over the state law claims and dismisses those without prejudice to refiling in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  January 20, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge